Chester A. LESSLER, Individually and on behalf of all others similarly situated, Plaintiff,

v.

DOMINION TEXTILE LIMITED et al., Defendants.

No. 75 Civ. 5025.

United States District Court, S. D. New York.

Oct. 17, 1975.

Olshan, Grundman & Frome by Victor M. Rosensweig, Meredith A. Feinman, New York City, for plaintiff.

Paul, Weiss, Rifkind, Wharton & Garrison by Jack Hassid, Victoria G. Traube, Julie K. Herr, New York City, for defendants.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This is an action for a preliminary injunction to stay all efforts to merge DHJ Industries, Inc. ("DHJ") and Newco Industries Corp. ("Newco") and specifically to stop a DHJ shareholder's meeting scheduled for October 20, 1975. The matter was brought on by order to show cause and a hearing was held on October 14, 1975. The complaint alleges violations of sections 14(a) and 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78n(a) and 78j(b), and the rules thereunder together with state law claims of breach of fiduciary duty and violation of N.Y.Bus.Corp.L. § 902. After considering the arguments of counsel and the testimony presented, I find that no injunction should issue.

DHJ is a New York corporation engaged primarily in manufacturing and distributing indigo dyed denim and double-knit fabrics. Although the exact timing is not clear, DHJ was in default on more than $45 million of loans. Trading in DHJ had been halted on the American Stock Exchange on January 27, 1975.

By a tender offer of March 20, 1975 Dominion Textile Limited ("Dominion"), a publicly held Canadian Corporation, offered $5 per share for the stock of DHJ. The offer was increased to $5.50 a share by amendment and was approved by DHJ's Board of Directors. As a result, Dominion acquired 95% of DHJ's outstanding common stock. Dominion immediately took steps to straighten out DHJ's troubled financial condition.

Newco was formed by Dominion as a wholly owned subsidiary solely for the purposes of the pending merger. The merger which requires a two-thirds approval is virtually certain of passage because of Dominion's overwhelming position in the stock. Under the merger agreement, shareholders other than Dominion will receive $5.50 per share for the stock leaving Dominion as the sole shareholder of DHJ. Those shareholders not voting in favor of the merger retain their appraisal rights under N.Y.Bus. Corp.L. §§ 623, 910 in lieu of the $5.50 offer.

Plaintiff Chester A. Lessler, a shareholder of DHJ, complains that he and other shareholders comprising the 5% are being "squeezed" out unfairly. Specifically, he sets forth a series of alleged non-disclosures claimed to be material. No affirmative misstatements are alleged.

The relevant standard for determining whether a preliminary injunction should issue is clear in this circuit:

The settled rule is that a preliminary injunction should issue only upon a clear showing of either (1) probable success on the merits *and* possible irreparable injury, *or* (2) sufficiently serious questions going to the merits to make them a fair ground for litigation *and* a balance of hardships tipping decidedly toward the party requesting the preliminary relief.

(Emphasis in original). *Sonesta International Hotels Corp. v. Wellington Associates,* 483 F.2d 247, 250 (2d Cir. 1973); *Missouri Portland Cement Co. v. Cargill, Inc.,* 498 F.2d 851 (2d Cir.), *cert. denied,*

419 U.S. 883, 95 S.Ct. 150, 42 L.Ed.2d 123 (1974). Thus an examination into the merits of plaintiff's claims is essential.

■ Plaintiff first complains that no independent legal counsel or investment adviser has evaluated the fairness of the $5.50 offer. Plaintiff does not argue that DHJ has failed to disclose this fact but rather attempts to transform sections 14(a) and 10(b) and the rules thereunder into an affirmative duty to provide for such an evaluation. Disclosure is the standard. *Popkin v. Bishop*, 464 F.2d 714 (2d Cir. 1972).

■ The failure to disclose the current and future business prospects of DHJ is also alleged. An inspection of the entire information statement particularly the section describing the business of DHJ including product lines, competition and business conditions as compared with the claimed omissions to state the true value of DHJ's operations fails to convince me that other than full disclosure of its present conditions has been made. As to future conditions, I know of nothing within sections 14(a) or 10(b) or their rules which would require a party to make this type of a projection. *See Tanzer Economic Associates, Inc. v. Haynie*, 388 F.Supp. 365, 368 (S.D.N.Y. 1974).

■ Next plaintiff complains that the current report of operations for DHJ for the first quarter ending as of August 31, 1975 was not set forth in the Information Statement. Defendants argue that the information was not processed as of September 30, 1975, the date of the Information Statement but "is now available and is being filed [on Form 10Q] with the SEC." In addition, a letter from DHJ to all of its shareholders which includes an extensive summary of the quarterly report was sent on October 14, 1975. Regardless of the validity of defendants' excuse, I do believe their subsequent action in sending this letter lessens both the likelihood of irreparable injury, as well as any possible hardship to the plaintiff. *Sonesta International Hotels Corp. v. Wellington Associates*, 483 F.2d 247, 250 (2d Cir. 1973). Thus, it should not be made the basis for a preliminary injunction.

The complaint also alleges that the true profitability of Swift Textiles Inc. ("Swift"), a subsidiary of DHJ was not adequately disclosed. I see no basis for this charge. The Information Statement discloses the fact of the 1974 acquisition of Swift, the nature of Swift's business and its sales and earnings figures since the acquisition. Plaintiff is calling for what amounts to future projections which is not required under the current law.

■ Equally meritless is the charge that the Information Statement does not set forth a valid business purpose for the merger. On the contrary, it discloses that Newco was formed solely for the merger and that the simple result of the merger will be the 100% ownership of DHJ by Dominion. The lack of a valid business purpose is not necessarily fatal under the federal securities laws. *Tanzer Economic Associates, Inc. v. Haynie*, 388 F.Supp. 365, 369 (S.D.N.Y.1974).

■ Overall, I do not believe that the plaintiff has demonstrated a substantial likelihood of success on the merits or sufficiently serious questions going to the merits. Furthermore, the adequacy and ease of availability of the state remedy of appraisal eliminates the risk of irreparable injury and mitigates any hardship to the plaintiff. Money damages would adequately compensate the plaintiff for any injury suffered.

Finally, the complaint contains a broad allegation of common law breach of fiduciary duty and a resulting violation of N.Y.Bus.Corp.L. § 902. These state law claims are based in part on the alleged material omissions discussed and rejected above. It is also argued that the merger would run counter to a recent state court decision in *People v. Concord Fabrics, Inc.*, 83 Misc.2d 120, 371 N.Y.S.2d 550 (N.Y. County 1975). Although defendants urge that the case is easily distinguished, I express no opinion on this point.

■ A state court action was commenced by the plaintiff following the hearing held before me on October 14, 1975. These very same claims are raised therein. Since I find no merit to the federal law claims, I decline to exercise pendant jurisdiction over the state claims. *Calderone Enterprises Corp. v. United Artists Theatre Circuit, Inc.,* 454 F.2d 1292 (2d Cir.), *cert. denied,* 406 U.S. 930, 92 S.Ct. 1776, 32 L.Ed.2d 132 (1972).

The request for a preliminary injunction is denied. This opinion constitutes findings of fact and conclusions of law pursuant to Rule 52, Fed.R.Civ.P.

SO ORDERED.